UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ERIC LAYMON** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-3767** |
| **N. BURL CAIN, WARDEN** | * | **SECTION: "M"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the instant petition be **DISMISSED WITH PREJUDICE** as untimely.

## Procedural History

Petitioner, Eric Laymon, a prisoner incarcerated in the Louisiana State

Penitentiary in Angola, Louisiana, seeks federal habeas corpus relief from his May 2, 1996 conviction and sentence for second degree murder.[1] On June 7, 1996, petitioner was sentenced to serve life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence.[2] Petitioner directly appealed his conviction and sentence to the Louisiana Court of Appeal, Fourth Circuit on or about July 20, 1999.[3] The Fourth Circuit affirmed petitioner's conviction and sentence on March 15, 2000.[4] Thereafter, petitioner did not apply for rehearing nor did he seek review with the Louisiana Supreme Court within the 30-day time limit.[5] Thus, under the provisions of La.C.Cr.P. art. 922, petitioner's conviction

---

[1] See State Record, Vol. 9 of 12, Minute Entry dated May 2, 1996. *State v. Laymon*, No. 366-293 "F" Criminal District Court, Parish of Orleans.

[2] *Id.*, Minute Entry dated June 7, 1996.

[3] See State Record, Vol. 9 of 12, Copy of petitioner's Brief. *State v. Laymon*, No. 97-KA-1520. While petitioner's appeal to the state appellate court was submitted over three years after he was sentenced, his brief was nevertheless timely. As Chief Judge Robert J. Klees explained in an Order dated September 21, 1999 (a copy of which is contained in the State Record, Vol. 9 of 12), the briefing schedule, in connection with petitioner's appeal, was significantly delayed due, in part, to problems with missing transcripts. Specifically, as Judge Klees explained, the appellate briefs were originally due on October 20, 1997. However, on October 9, 1997, a "motion to supplement the record" was filed and the "case remained on supplemental status until March 9, 1999". Thereafter, more problems in locating transcripts developed, resulting in a further delay in the briefing schedule. Because of these delays, petitioner's brief, filed three years after his June, 1996 sentencing, was, in fact timely.

[4] *State v. Laymon*, 756 So. 1160 (La. App. 4th Cir. 2006).

[5] La. Supreme Court Rule X, Section 5(a) provides, in pertinent part:
    An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs ... or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of

and sentence became final 14 days later, on March 29, 2000, when the delay for applying for rehearing expired.[6]

It was not until May 30, 2000, that petitioner finally filed a writ application, No. 2000-KH-1519, with the Louisiana Supreme Court, seeking relief in connection with the appellate court's March 15, 2000 adverse opinion.[7] The Louisiana Supreme Court, treating the matter as a post-conviction application due to petitioner's untimeliness, denied petitioner relief on May 4, 2001. *State ex rel. Laymon v. State*, 791 So.2d 648 (2001).

On or about October 18, 2001, petitioner filed an application for post-conviction relief with the state district court.[8] Petitioner's efforts in this regard culminated on March 18, 2005, when the Louisiana Supreme Court denied his writ application. *See State ex rel. Laymon v. State*, 896 So.2d 996 (La. 2005).

---

appeal....

[6]La.C.Cr.P. art. 922 provides, in pertinent part, as follows:
   A. Within fourteen days of rendition of the judgment of the supreme court or any appellate court, ... a party may apply to the appropriate court for a rehearing....
   B. A judgment rendered by the supreme court or other appellate court becomes final when the delay for applying for a rehearing has expired and no application therefor has been made.

[7]See State Record, Vol. 9 of 12, Letter from Clerk of Court, Louisiana Supreme Court dated May 30, 2000.

[8]The copy of petitioner's post-conviction application, contained in the State Record, Vol. 12 of 12, is undated. However, petitioner represents, on page two, enumerated paragraph two of his "Petition for Writ of Mandamus" (a copy of which is contained in State Record, Vol. 12 of 12), that he submitted his post-conviction application to the state district court by placing it in the mail "on or about October 18, 2001".

On July 28, 2005, petitioner filed the instant habeas corpus action. In its opposition memorandum, the State contends that petitioner's habeas application is untimely. Based upon the following, the court agrees.

**ANALYSIS**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a petitioner has one year within which to bring his habeas corpus claims pursuant to 28 U.S.C. § 2254, with this one year period commencing to run from "the latest of" either the date the petitioner's state judgment became final or the expiration of his time for seeking review.[9]  *See* 28 U.S.C. § 2244(d)(1) (West 2007), as amended by the AEDPA, P.L. 104-132, 110 Stat. 1220. In this case, petitioner's judgment became final on March 29, 2000, when the 14-day deadline for seeking rehearing expired, and his time for seeking review ended April 14, 2000, when his 30-day time limit for seeking relief from the Louisiana Supreme Court expired. Thus, petitioner had a year from April 14, 2000, or until April 14, 2001, to timely seek federal habeas corpus relief.

Petitioner did not file the instant action until July 28, 2005, over four years after his limitation period expired. Thus, petitioner's federal habeas corpus application must be dismissed as untimely, unless the one-year statute of limitations period was interrupted

---

[9]The AEDPA applies to this case as it was filed after the enactment of the AEDPA, or after April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 2060, 138 L.Ed.2d 481 (1997).

as set forth in 28 U.S.C. § 2244(d)(2). Under that statutory provision, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

As noted earlier, petitioner, on May 30, 2000, filed a writ application, No. 2000-KH-1519, with the Louisiana Supreme Court. In this writ application, petitioner sought relief from the Louisiana Fourth Circuit Court of Appeal's March 15, 2000 adverse opinion, *State v. Laymon*, 756 So.2d 1160 (La. App. 4 Cir. 2000). Under Louisiana Supreme Court Rule X, § 5(a), petitioner had 30 days from "the mailing of the notice" of the state appellate court's March 15, 2000 adverse judgment within which to timely seek review from the Louisiana Supreme Court. Petitioner did not seek review from the Louisiana Supreme Court until May 30, 2000, after his 30-day deadline had expired.

In *Williams v. Cain*, 217 F.3d 303, 308-309 (5th Cir. 2000), the Fifth Circuit made clear that a writ application filed outside the 30-day time constraint imposed under Louisiana Supreme Court Rule X, § 5(a), is not "properly filed", as required under 28 U.S.C. § 2244(d)(2), and therefore, does not toll the AEDPA's one-year prescriptive period. Accordingly, prescription commenced to run on April 14, 2000, when his 30-day time limit for seeking review of the state appellate court's March 15, 2000 opinion expired, and continued running until October 18, 2001, when petitioner filed a post-conviction application

with the state district court. At that point, petitioner was approximately six months beyond his one-year prescriptive period. As no facts have been presented warranting the application of equitable tolling, a doctrine that applies in rare and exceptional circumstances and principally where the petitioner has been actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights, *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), it will be recommended that Laymon's petition be dismissed with prejudice.

Accordingly;

## **RECOMMENDATION**

For the foregoing reasons, it is hereby recommended that the application for federal habeas corpus relief filed by petitioner, Eric Laymon, should be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v.*

*United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

      New Orleans, Louisiana, this __2nd__ day of _____July_____, 2007.

                                                          _____
                                                              LOUIS MOORE, JR.
                                                              United States Magistrate Judge